OPINION
Defendant-appellant, Frank Smith, Jr., appeals the denial of his petition for postconviction relief. For the reasons that follow, we affirm.
On November 9, 1989, appellant entered a plea of guilty to one count of rape, an aggravated felony of the first degree, in violation of R.C. 2907.02. Appellant was sentenced to five to twenty-five years of imprisonment.
On September 24, 1996, appellant filed his petition alleging that he was entitled to be resentenced to a definite sentence pursuant to the provisions of Am.Sub.S.B. No. 2 ("Senate Bill 2"). The trial court dismissed appellant's petition.
In a single assignment of error, appellant submits that the trial court erred in dismissing his petition.
Appellant's primary argument is that he has a right under Senate Bill 2 to be resentenced to a definite term of imprisonment. This legislation, effective July 1, 1996, does not apply to terms of imprisonment imposed for offenses committed prior the bill's effective date. State v. Carlton (May 28, 1996), Warren App. No. CA96-01-007, unreported. Moreover, we have rejected claims similar to appellant's that the failure to retroactively apply Senate Bill 2 constitutes a violation of due process and equal protection of the law. Id. In addition, appellant's sentence does not amount to cruel and unusual punishment. State v. Payne (June 23, 1997), Madison App. No. CA96-11-053, unreported. Finally, this court has previously considered and rejected the argument that R.C. 1.58(B) entitles appellant to be resentenced under Senate Bill 2. State v. Cox (Apr. 28, 1997), Warren App. No. CA96-01-069, unreported; State v. Miller (Dec. 30, 1996), Warren App. No. CA96-10-104, unreported.
Appellant's assignment of error is without merit and is hereby overruled.
YOUNG, P.J., and WALSH, J., concur.